**CARGILL, Inc. v. KELLEY et al.**

No. 5470.

United States District Court
W. D. Missouri, W. D.

July 30, 1949.

Morrison, Nugent, Berger, Hecker & Buck, Kansas City, Mo., for plaintiff.

John L. Sheridan and Donald E. Raymond, of Pew, Taylor, Welch & Sheridan, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The motion to dismiss is based upon averments to the effect that the contract or contracts sued on are void for uncertainty and that the plaintiff has failed to plead the contracts sued on with sufficient particularity. Moreover, it is charged that the complaint does not show that the defendants are in default, assuming that there were contracts.

An examination of the complaint does not disclose the infirmities alleged by the defendants. On the contrary, specific contracts are pleaded with allegations of default and a claim for damages because of the breach. It has been repeatedly held under the New Rules of Federal Procedure that a complaint is sufficient if it shows a right of recovery, and the Appellate Courts

have enjoined upon trial judges not to dismiss complaints because of mere defects in the averments. The averments in this case are sufficient and the motion should be and will be overruled.

On the motion for a more definite statement there is no claim that the averments of the complaint are vague or indefinite but the motion is in fact for a bill of particulars and that means that it calls for evidentiary matters. The former rules of this court provided for a bill of particulars. In the light of Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the courts nullified the rule for a bill of particulars and by amendment to the rules, that portion of the rule providing for a bill of particulars was eliminated. The defendants can obtain all the information sought in their motion by resort to the discovery rules.

The motion for a more definite statement or for a bill of particulars, in like manner, should be overruled, and it will be so ordered.